19 A.3d 477

IN THE MATTER OF PETER H. JACOBY, AN ATTORNEY
AT LAW (ATTORNEY NO. 003981987).

June 7, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–445, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **PETER H. JACOBY** of **BEDMINSTER,** who was admitted to the bar of this State in 1987, should be suspended from the practice of law for a period one year, based on respondent's criminal conviction in the Commonwealth of Virginia, conduct that violates *RPC* 8.4(b) (criminal act that reflects adversely on a lawyers' honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that respondent should continue with his prescribed medication and treatment regimen until discharged, and that prior to reinstatement to the practice of law, he should submit proof of his fitness to practice;

And good cause appearing;

It is ORDERED that **PETER H. JACOBY** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall continue with his treatment and medication regimen until discharged, and prior to reinstatement to practice, respondent shall provide to the Office of Attorney Ethics proof of his fitness to practice law as attested to by a mental health professional approved by the, Office of Attorney Ethics; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.